```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
TIMES THREE CLOTHIER, LLC,             :      13 Civ. 2157 (DLC)
                                       :
                      Plaintiff,       :      13 Civ. 7635 (DLC)
                                       :
          -v-                          :
                                       :         OPINION & ORDER
                                       :
SPANX, INC.,                           :
                      Defendant.       :
                                       :
-------------------------------------- X
```

APPEARANCES:

For plaintiff:

Steven B. Pokotilow
Laura Goldbard George
Irah H. Donner
Binni N. Shah
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

For defendant:

Kathleen E. McCarthy
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Natasha H. Moffitt
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309


DENISE COTE, District Judge:

    Defendant Spanx, Inc. ("Spanx") moves to strike plaintiff

Times Three Clothier, LLC's ("Times Three") amended disclosure

of asserted claims and infringement contentions relating to U.S. Patent No. 8,568,195 (the "'195 Patent").  For the reasons that follow, Spanx's motion is granted and proceedings concerning the '195 Patent are stayed.

## BACKGROUND

On October 29, 2013, the Patent and Trademark Office issued to Times Three the '195 Patent, a utility patent concerning women's shapeware.  The same day, Times Three brought this action against Spanx, alleging that two of Spanx's products, "The Top This Tank Style 1847" and "The Top This Cami Style 1846" (the "Accused Products"), infringed the '195 Patent.

In brief, Times Three asserts that its three-section garment slenderizes a woman's figure through the use of compressive material in the middle section of the garment.  The '195 Patent comprises 77 claims, four of which are independent of the others.  Its first claim is as follows:

> A multi-fabric women's garment for slenderizing the midsection of a user, shaping the waistline of the user, and minimizing the roll up of the garment over the abdomen area of the user, the garment comprising:
>
> an upper section including a first substantially non-compressive shaper material;
>
> a slenderizing middle section configured to be substantially horizontally [sic] around an abdomen of the user when worn and including a compressive material, where the compressive material is configured to slenderize the abdomen of the user and shape the waistline of the user;

a lower section including a second substantially non-compressive shaper material, where the lower section is configured to be used at least to position the garment over the abdomen area of the user; and

a third material covering at least a portion of the slenderizing middle section, and concealing the at least [sic] a portion of the slenderizing middle section from the exterior of the multi-fabric garment.

Similarly, the second and third independent claims, Claims 21 and 26, are also limited to garments comprised of upper and lower sections including "substantially non-compressive" material and a "slenderizing middle section" including "compressive" material.  The fourth independent claim, by contrast, is for a garment with upper and lower sections "comprising a first [and second] shaping characteristic," but it too includes a "slenderizing middle section" that produces "a compressive inward force greater than the first and second shaping characteristics."  Thus, in each of the four independent claims, the middle section includes a more compressive material than the upper and lower sections do.

Times Three served its initial infringement contentions on January 31, 2014 (the "Initial Contentions"), in which it set out the 66 claims it contends are infringed by the Accused Products and offered support for its contention that each limitation in a claim was met.  Yet Times Three misunderstood the Accused Products' labels, confusing the "Body" (middle) section with the upper section and the "Waist Lining" (lower)

section with the middle.  Accordingly, Times Three cited, as
"support" for its infringement contention, the fact that the
"Waist Lining" (lower) section has a greater spandex/elastane
("spandex") content than the "Body" (middle) section.  This
citation, to the <u>lowest</u> section of the Spanx garment as the
section with the most compressive material, was inconsistent
with a claim of infringement since, as explained above, it is
the <u>middle</u> section of the Times Three garment that includes the
most compressive material.

After Spanx advised Times Three of its error on February 4
and sent Times Three test results purportedly confirming Spanx's
position, Times Three served amended infringement contentions on
February 19 (the "Amended Contentions").  In its Amended
Contentions, Times Three asserts that the very sections it had
claimed included "substantially non-compressive shaper material"
in its Initial Contentions actually include "compressive
material," and vice-versa.

For example, with respect to Claim 1, Times Three asserted
in its Initial Contentions that the Accused Products include "an
upper section including a first substantially non-compressive
shaper material."  This charge appears in a column labeled
"Accused Product/Support."  Beneath that charge, Times Three
cites the fact that the "Body" (middle) section in the Accused
Products (which Times Three mistakenly identifies as the "upper

section") is "comprised of 80% nylon and 20% spandex/elastane."
Similarly, Times Three asserted that Spanx's Accused Products
include a "middle section . . . including a compressive
material," citing to the fact that the "Waist Lining" (lower)
section in the Accused Products is "a slenderizing middle
section comprised of 64% spandex/elastane and 36% nylon."  After
being advised by Spanx that the "Body" section is, in fact, the
middle section, while the "Waist Lining" section is the lower,
Times Three switched these positions.  In its Amended
Contentions, Times Three asserts that the same "Body" section --
which, in the Initial Contentions, was alleged to include
"substantially non-compressive" material -- is instead alleged
to include "compressive material."  And the "Waist Lining"
section, previously cited as a section including "compressive
material," is alleged to include "substantially non-compressive"
material.  Times Three removed citations to "support" in its
Amended Contentions, stating only that "the composition and
properties of [these sections] are subject to further
discovery."[1]

---

[1] Times Three argues in a footnote that its "position has always
been that the middle section is configured to be more
compressive than the upper and lower sections of the Accused
Products," and that it cited the spandex content in its Initial
Contentions not "as the basis of its infringement theory," but
rather "to identify the portions of the Accused Products to
which [Times Three] refers."  Times Three's suggestion that it
did not cite the spandex content as "support" of its contentions

In light of this reversal, Spanx requested leave to file a motion to strike Times Three's Amended Contentions on March 12, 2014; Times Three responded by letter of March 17.  By Order of March 18, the Court granted leave to file the motion, set a briefing schedule, and stayed all further proceedings pertaining to the '195 Patent pending resolution of that motion.  Spanx filed its motion to strike on March 28; it was fully submitted on April 18.[2]  For the reasons set out below, Spanx's motion is granted, proceedings as to the '195 Patent are to remain stayed, and Times Three is directed to further amend its infringement contentions.

## DISCUSSION

Pursuant to Local Patent Rule 6, a party claiming patent infringement must serve a "Disclosure of Asserted Claims and Infringement Contentions" that identifies "each claim of each patent-in-suit that is allegedly infringed and each product or process of each opposing party of which the party claiming

---

is incorrect.  Its citation to the spandex content occurs in a column labeled "Accused Product/Support," after a sentence specifying where the element is found in the Accused Products.

[2] By letter of April 21, Times Three requested oral argument or, in the alternative, for leave to file a sur-reply brief to respond to Spanx's suggestion, in its reply, that Times Three may not have a good faith basis to claim infringement of the '195 Patent in violation of Rule 11 of the Federal Rules of Civil Procedure.  Because the Court does not reach the question of Times Three's good faith, Times Three's requests are denied.

infringement is aware that allegedly infringes each identified claim."  Many other jurisdictions, like the Northern District of California, have adopted local patent rules that require infringement contentions to include "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."  Rule 3-1(c), Patent Local R., N.D. Cal (the "California Rule").

Applying the California Rule, courts in this district have held that, where such information is reasonably available to plaintiffs before discovery, infringement contentions must be sufficient "to raise a reasonable inference that all accused products infringe" and to permit the Court to "make a principled decision on whether discovery will proceed."  Yama Capital LLC v. Canon Inc., 12 Civ. 7159 (KPF), 2013 WL 6588589, at *3 (S.D.N.Y. Dec. 13, 2013) (citation omitted).  "Conclusory information-and-belief statements and recapitulations of the claim language" do not suffice.  Id. at *11.  "Rather, Plaintiff must allege specific ways in which [each] limitation exists, with as much specific identifying information as is reasonably available without discovery."  Id. at *6.  "Where Infringement Contentions are found inadequate, courts can dismiss the case entirely if they prove inadequate beyond a plaintiff's capacity to cure."  Id. at *4.

The parties dispute whether the specificity required by the California Rule is an "inherent" requirement in the Southern District's local rule.  But, whatever Local Rule 6 requires, the parties do not dispute that the Local Patent Rules grant the Court discretion to "modify the obligations . . . set forth in the[] Local Patent Rules based on the circumstances of any particular case."  Local Patent R. 1.  Here, where Times Three's Initial Contentions, on their face, may appear to support a finding of non-infringement, and where Times Three has taken potentially contradictory positions in its Amended Contentions, more detailed infringement contentions are appropriate before discovery on the '195 Patent is taken.

Each of Times Three's four independent claims requires that the middle section of the garment include material that is more compressive than that of the upper and lower sections.  Yet, in its Initial Contentions, Times Three cited to the spandex content of the "Body" (middle) section of the Accused Products in support of its charge that the upper section included "substantially non-compressive" material, and it cited to the spandex content of the "Waist Lining" (lower) section in support of its contention that the middle section was "made of a compressive material."  Thus, on their face, Times Three's Initial Contentions support a finding of non-infringement.

After receiving notice from Spanx of its error, Times Three served its Amended Contentions, reversing its position.  Times Three now charges that, as the '195 Patent requires, the "Body" (middle) section includes "compressive material" and the "Waist Lining" (lower) section includes "substantially non-compressive" material.  This about-face raises further questions about whether Times Three's contentions raise a reasonable inference of infringement.

This is not a case in which plaintiff's ability to test the Accused Products for infringement is limited before discovery. The Accused Products are both publicly available at low cost.

**CONCLUSION**

The March 28 motion by Spanx to strike Times Three's amended disclosure of asserted claims and infringement contentions relating to the '195 Patent is granted.  All proceedings concerning the '195 Patent are stayed pending further Order of the Court.  A briefing schedule for amended infringement contentions accompanies this Opinion.


SO ORDERED:

Dated:    New York, New York
          May 6, 2014

                              _____
                                    DENISE COTE
                         United States District Judge

9