
```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TIMES THREE CLOTHIER, LLC,               :     13cv2157 (DLC)
                                         :
                    Plaintiff,           :     13cv7635 (DLC)
                                         :
          -v-                            :
                                         :     MEMORANDUM OPINION
                                         :        & ORDER
SPANX, INC.,                             :
                    Defendant.           :
                                         :
---------------------------------------- X
```

APPEARANCES:

For plaintiff:

Steven B. Pokotilow
Laura Goldbard George
Irah H. Donner
Binni N. Shah
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

For defendant:

Kathleen E. McCarthy
King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036

Natasha H. Moffitt
King & Spalding LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309

DENISE COTE, District Judge:

  On May 6, 2014, this Court granted defendant Spanx, Inc.'s motion to strike plaintiff Times Three Clothier, LLC's amended

disclosure of asserted claims and infringement contentions relating to U.S. Patent No. 8,568,195 (the "'195 Patent"). Times Three Clothier, LLC v. Spanx, Inc., 2014 WL 1795210 (S.D.N.Y. May 6, 2014) ("May 6 Opinion"). The May 6 Opinion stayed proceedings concerning the '195 Patent and permitted Times Three Clothier, LLC ("Times Three") to further amend its infringement contentions. Times Three filed its second amended disclosure of infringement contentions ("SAIC") on May 30. Spanx, Inc. ("Spanx") now moves to strike Times Three's SAIC. For the reasons that follow, Spanx's motion is denied.

## BACKGROUND

The May 6 Opinion sets out the relevant facts and is incorporated by reference. In short, Times Three alleges that two Spanx products, "The Top This Tank Style 1847" and "The Top This Cami Style 1846" (the "Accused Products"), infringe the '195 Patent, a utility patent concerning a three-section garment that slenderizes a woman's figure through the use of compressive material in the middle section of the garment. The '195 Patent comprises 77 claims, four of which are independent of the others. Three of the four independent claims specify that the upper and lower sections are made of "substantially non-compressive" material while the middle section is made of "compressive" material. The fourth independent claim is for a garment with upper and lower sections "comprising a first [and

2

second] shaping characteristic," but it too includes a "slenderizing middle section" that produces "a compressive inward force greater than the first and second shaping characteristics."  Thus, in each of the four independent claims, the middle section includes a more compressive material than the upper and lower sections do.

Times Three served its initial infringement contentions on January 31, 2014 (the "Initial Contentions").  Times Three misunderstood the Accused Products' labels and confused the middle and lower sections.  Accordingly, Times Three mistakenly indicated, in its Initial Contentions, that the Accused Products' <u>lower</u> section was most compressive -- a contention inconsistent with the infringement of the '195 Patent, which requires that the <u>middle</u> section be most compressive.  As "support" for its Initial Contentions, Times Three cited the fact that the lower section has a greater spandex content than the middle section.

After Spanx apprised Times Three of its error, Times Three served amended infringement contentions on February 19 (the "Amended Contentions").  In the Amended Contentions, Times Three reversed its position and alleged -- as would be necessary for a finding of infringement -- that the Accused Products' middle section is the most compressive.  Spanx moved to strike the Amended Contentions on March 28; the Court granted Spanx's

3

motion on May 6, stayed proceedings concerning the '195 Patent, and permitted Times Three to file second amended infringement contentions (SAIC).

Times Three filed the SAIC on May 30, accompanied by a declaration by Robert Beaulieu ("Beaulieu").  Beaulieu received a B.S. in Textile Technology/Chemistry from the University of Massachusetts at Dartmouth.  Beaulieu was an Assistant Professor of Textile Dyeing/Chemistry at the Fashion Institute of Technology ("FIT") from 1977-2013, served as Chairperson of the Textile Development and Marketing Department at FIT from 1983-1993, and belonged to the American Association of Textile Chemists and Colorists from 1967-2008.

Beaulieu studied the Accused Products visually and physically.  He also sent samples from the Accused Products' three sections to Vartest Laboratories, Inc. for stretch and recovery testing.  According to Beaulieu, the results from those tests confirm that the middle section is the most compressive.

Times Three cites to Beaulieu's declaration in its SAIC, contending that "[a] physical, visual examination of the fabric used" in the upper and lower sections indicates that they contain "a substantially non-compressive shaper material that is configured by its construction, threads, knit and/or pattern used."  Likewise, Times Three contends that the middle section contains a "compressive material that is configured by its

4

construction and by its position between the upper section and lower section, as well as the threads, knits and patterns used." In support, Times Three cites Beaulieu's "testing results showing a high tensile strain [for the middle section] at [certain] elongation[s]."

By letter of June 6, Spanx advised the Court that it intended to move to strike the SAIC.  By Memorandum Endorsement of June 6, the Court granted the parties' joint request for a stay of all deadlines in the above-captioned actions pending disposition of that motion.  Spanx moved to strike the SAIC on June 13.  In opposition to Spanx's motion, Times Three submitted a second declaration by Beaulieu, clarifying certain points. Spanx's motion was fully submitted on July 2.  For the reasons that follow, Spanx's motion is denied and the May 6 stay of proceedings concerning the '195 Patent is lifted.

## DISCUSSION

The applicable legal standards are set out in the May 6 Opinion; that discussion is incorporated by reference.  <u>See</u> May 6 Opinion, 2014 WL 1795210, at *2-*3.  Many other jurisdictions, like the Northern District of California, have adopted local patent rules that require infringement contentions to include "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality."  Rule 3-1(c), Patent Local R., N.D. Cal (the

"California Rule").  Applying the California Rule, courts in this district have held that, where such information is reasonably available to plaintiffs before discovery, infringement contentions must be sufficient "to raise a reasonable inference that all accused products infringe" and to permit the court to "make a principled decision on whether discovery will proceed."  Yama Capital LLC v. Canon Inc., 12 Civ. 7159 (KPF), 2013 WL 6588589, at *3 (S.D.N.Y. Dec. 13, 2013) (citation omitted).  "Plaintiff must allege specific ways in which [each] limitation exists, with as much specific identifying information as is reasonably available without discovery."  Id. at *6.

In their briefing on Spanx's March 28 motion to strike, the parties disputed whether the specificity required by the California Rule is an "inherent" requirement in the Southern District's Local Patent Rules.  The Court declined to reach this question, noting that, whatever the Local Patent Rules require by default, they grant the Court discretion to "modify the obligations . . . set forth in the[ ] Local Patent Rules based on the circumstances of any particular case."  Local Patent R. 1.  Given Times Three's about-face, the Court held that more detailed infringement contentions were appropriate before discovery on the '195 Patent was taken.

6

In its SAIC, Times Three cites to the results of physical testing that, in Beaulieu's opinion, supports the contention that the Accused Products' middle section is the most compressive.  This suffices to raise a reasonable inference of infringement.

Spanx argues that Beaulieu's declarations fail to support Times Three's infringement contentions because Beaulieu does not explain how the particular "threads, knits and patterns used" in the three sections affect their compressive properties.  Spanx is correct that Beaulieu's recitation of this list of fabric characteristics, with no explanation of how the threads, knits, and patterns used in the middle section differ from those in the upper and lower sections, does not support Times Three's infringement contentions.  Rather, it is the test results Beaulieu reports that create a sufficient inference of infringement to permit discovery to proceed.  Beaulieu's reference to threads, knits, and patterns appears to be an attempt to explain that spandex content may not be the sole factor rendering a garment section compressive.

Spanx also argues that Beaulieu fails to put the test results "into any meaningful context," that a minority of the results suggests that the lower section is most compressive, and that the balance of the results suggest that the lower section is a close second.  Spanx is free to raise arguments concerning

7

the scope of claim terms in its claim construction briefing, to challenge the accuracy of Times Three's infringement contentions through summary judgment practice at an appropriate time, and to raise any available and appropriate Daubert challenges at that time.  The testing results support a reasonable inference of infringement of the '195 Patent at this early stage of the proceedings, even though Times Three has failed to identify the means by which the garment's characteristics render the middle section most compressive.

## CONCLUSION

The June 13 motion by Spanx to strike Times Three's second amended disclosure of asserted claims and infringement contentions relating to the '195 Patent is denied.  The stay of proceedings concerning the '195 Patent entered on May 6, 2014 is vacated and discovery is to proceed.  The parties shall meet and confer regarding an appropriate schedule for these actions going forward and submit proposals to the Court by August 27.


SO ORDERED:

Dated:    New York, New York
          August 20, 2014

                                        _____
                                        DENISE COTE
                                        United States District Judge

8